**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| APERION CARE, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 17-cv-8920 |
| v. | ) | |
| | ) | Hon. Charles R. Norgle |
| FELICIA F. NORWOOD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Defendant Felicia Norwood's Motion to Dismiss [35] is granted; Cook County Defendants and Defendant MCO's Omnibus Motion to Dismiss [28] is granted; Plaintiffs' Complaint is dismissed with prejudice in its entirety. Civil case terminated. The Clerk shall enter judgment pursuant to Rule 58.

**STATEMENT**

Plaintiffs Aperion Care, Inc.; Bria Health Services, LLC; Everest Care Group, LLC; Grand Lifestyles, LLC; ICare Financial Services, Inc.; ITEX Company, Inc.; Legacy Healthcare Financial Services, LLC; Maestro Consulting services, LLC; and Willa Financial Services, LLC (collectively "Plaintiffs") as Authorized Representatives of Illinois Medicaid beneficiaries bring this putative class action against Defendants Felicia Norwood, ("Norwood") in her official capacity as the Director of the Illinois Department of Healthcare and Family Services ("DHFS") and multiple entities contracted with DHFS to provide Medicaid to residents of Illinois ("Defendant MCOs"), and Cook County Health and Hospital System and CountyCare Health Plan ("Cook County Defendants"), (collectively "Defendants") for violations of 42 U.S.C. § 1396 *et seq*, the Americans with Disabilities Act (the "ADA"), as codified at 42 U.S.C. §12132 *et seq*, the Rehabilitation Act of 1973 (the "Rehab Act"), as codified at 29 U.S.C. § 794 *et seq*, and 42 U.S.C. § 1983. Before the Court is Defendant Norwood's motion to dismiss and Defendant MCOs and Cook County Defendants' omnibus motion to dismiss are granted. For the reasons provided, both motions are granted.

The Medicaid program was established under Title XIX of the Social Security Act, 42 U.S.C. §1396 et seq. (the "Medicaid Act") and is designed to provide health coverage for low-income individuals. Each state administers its own Medicaid program, and submits a plan to the federal Government for approval detailing the nature and scope of that state's Medicaid program. Id. at § 1396(a)(a) The state's plan must be in accordance with certain parameters established by the Federal government. A state is permitted to implement their Medicaid programs through a fee for service model or a managed care model. Under the managed care model, the state contracts with managed care organizations ("Medicaid MCOs") to allow those companies to

MCOs are required to contract with a sufficient number of health care providers to establish an adequate network. See 42 C.F.R. § 438.68.

Additionally, it is the responsibility of the state agency to monitor all Medicaid MCO programs. 42 C.F.R. § 438.66(a), (b). The state Medicaid agency must ensure that the Medicaid MCO's provide payment to the health care providers for services furnished to Medicaid beneficiaries on a timely basis. 42 U.S.C. § 1936a(a)(37)(A) (the "Payment Procedures Statute") (requiring "that 90 per centum of claims for payment ... made for services covered under the plan and furnished by health care practitioners ... are paid within 30 days of the date of receipt of such claims and that 99 per centum of such claims are paid within 90 days of the date of receipt of such claims[.]"). Importantly, the Medicaid beneficiaries that receive services from health care providers cannot be held liable for the costs of services provided to that individual. 42 U.S.C. § 1396u-2(b)(6)(B).

Plaintiffs filed their putative class action Complaint on December 12, 2017. Plaintiffs allege that nursing homes and other long-term care facilities ("LTC Facilities") performed services for Medicaid beneficiaries (the "Residents") who reside at the respective LTC Facilities. Plaintiffs aver that the LTC Facilities submitted claims to MCO Defendants for payments of services rendered. MCO Defendants purportedly did not pay the claims in accordance with the time schedule set forth in the Payment Procedures Statute. As a result of MCO Defendants' failure to make timely payments, Plaintiffs assert that the Residents have "significant outstanding balance[s]" owed to the respective LTC Facilities.

The Plaintiffs here are not the Residents who received services from the LTC Facilities, rather Plaintiffs are organizations initiating this lawsuit on behalf of the Residents. In a footnote, Plaintiffs contend that they are permitted to act as authorized representatives of the Residents pursuant to 42 C.F.R. § 435.923.

Defendants' motions to dismiss both argue that Plaintiffs lack standing to bring these claims. A motion to dismiss pursuant to Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint. Fed. R. Civ. P. 12(b)(1). "When ruling on a motion to dismiss for lack of subject matter jurisdiction under [Rule] 12(b)(1), the district court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff." Ezekiel v. Michel, 66 F.3d 894, 897 (7th Cir.1995). But "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." Capitol Leasing Co. v. F.D.I.C., 999 F.2d 188, 191 (7th Cir. 1993) (quoting Grafon Corp. v. Hausermann, 602 F.2d 781, 783 (7th Cir. 1979)). "[I]f the complaint is formally sufficient, but the contention is that there is in fact no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." United Phosphorus, Ltd. v. Angus Chem. Co., 322 F.3d 942, 946 (7th Cir. 2003), overruled on other grounds by Minn–Chem, Inc. v. Agrium, Inc., 683 F.3d 845 (7th Cir. 2012). "The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction." Id.

Defendants first argue that Plaintiffs do have standing under the 42 C.F.R. § 435.923 to bring this case. "Standing is a threshold question in every federal case because if the litigants do not have standing to raise their claims the court is without authority to consider the merits of the action." Freedom from Religion Found. v. Zielke, 845 F.2d 1463, 1467 (7th Cir. 1988). "Whether a party has standing to bring a 'case or controversy' before the court is a question of law." Winkler v. Gates, 481 F.3d 977, 982 (7th Cir. 2007). The pertinent federal regulation states:

> (a)(1)- The agency must permit applicants and beneficiaries to designate an individual or organization to act responsibly on their behalf in assisting with the individual's application and renewal of eligibility and other ongoing communications with the agency. Such a designation must be in accordance with paragraph (f) of this section, including the applicant's signature, and must be permitted at the time of application and at other times.
> (b)- Applicants and beneficiaries may authorize their representatives to: (1) Sign an application on the applicant's behalf; (2) Complete and submit a renewal form; (3) Receive copies of the applicant or beneficiary's notices and other communications from the agency; (4) Act on behalf of the applicant or beneficiary in all other matters with the agency.

42 C.F.R. § 435.923(a)(1), (b)

Plaintiffs argue that the above regulation permits them to bring a civil lawsuit on behalf of the Residents for Defendants' failure to timely pay claims. Plaintiffs focus on § 435.923(b)(4)'s language that the representative may "[a]ct on behalf of the applicant or beneficiary *in all other matters* with the agency." (emphasis added). Despite the rest of the language in both (a) and (b) relating to the application and renewal process, Plaintiffs argue that the language of (b)(4) should be interpreted broadly and to include prosecuting civil lawsuits. The Court disagrees.

The first issue then is "whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." Exelon Generation Co., LLC v. Local 15, IBEW, 676 F.3d 566, 570 (7th Cir. 2012). "When interpreting statutory language, the meaning attributed to a phrase depends upon reading the whole statutory text, considering the purpose and context of the statute, and consulting any precedents or authorities that inform the analysis." River Rd. Hotel Partners, LLC v. Amalgamated Bank, 651 F.3d 642, 649 (7th Cir. 2011).

Reading the statutory language as a whole—not (b)(4) in isolation—prevents the Court from adopting Plaintiffs' argument. The language of the statute limits the representation to the "individual's application and renewal of eligibility and other ongoing communications with the agency" 42 C.F.R. § 435.923(a)(1). The language in § 435.923(b) further relates to assisting individuals with the application process. Reading (b)(4) in light of the (a) and (b)'s specific references to the application and renewal of benefits and ongoing communications with the agency does not support Plaintiffs' broad interpretation.

The purpose offered in the public comment section in the Federal Register regarding § 435.923 also does not comport with Plaintiffs' interpretation. Rather, the public comments evince the statute intended to narrowly permit "authorized representative to act on behalf of applicants and beneficiaries *in applying for and maintaining coverage*." 78 Fed. Reg. at 42174 (July 15, 2013) (emphasis added). The Public comments go on to say that "[a]uthorized representatives have historically provided valuable support to individuals needing *help navigating the application and enrollment process*, as well as ongoing communications with the agency, particularly to seniors and individuals with disabilities, and we expect their role to continue." Id. (emphasis added). It is plain from the public comments that the intent and purpose of authorization under § 435.923 was to aid Medicaid beneficiaries in matters pertaining to the application, enrollment, renewal and communications processes. This intent is aligned with the Court's

decision to reject Plaintiff's broad interpretation of § 435.923(b)(4)—permitting authorized representative to bring civil lawsuits. Plaintiffs' interpretation was not the purpose of § 435.923.

Accordingly, Plaintiffs lack standing as authorized representatives of the Residents—Medicaid beneficiaries that receive services from healthcare providers without liability to the costs—to bring this civil rights lawsuit. Defendant Norwood's motion to dismiss is granted. Defendant MCOs and Cook County Defendants' omnibus motion to dismiss is granted. Plaintiffs' Complaint is dismissed with prejudice. Civil case closed.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: August 28, 2018